Filed 5/28/15  P. v. Rodriguez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> ROBERT RODRIGUEZ, <br><br> Defendant and Respondent. | G050512 <br><br> (Super. Ct. No. 12CF0355) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Reversed.

Tony Rackauckas, District Attorney; Brian F. Fitzpatrick, Deputy District Attorney, for Plaintiff and Appellant.

Frank S. Davis, Alternate Defender; Derek J. Bercher, Assistant Alternate Defender; Randy K. Ladisky and Antony C. Ufland, Deputy Alternate Defenders.

\*          \*          \*

The People appeal from the trial court's ruling granting defendant Robert Rodriguez's pretrial motion (Pen. Code, § 995; all further statutory citations are to this

code) to dismiss attempted murder (§§ 664, 187) and assault with a machine gun (§ 245, subd. (a)(3)) charges because the evidence introduced at the preliminary hearing did not satisfy the corpus delicti rule. The corpus delicti rule requires independent evidence that a criminal act has been committed, apart from the defendant's statements. The rule ensures that a crime has actually occurred and the defendant does not face conviction based on a false confession.

The rule is neither constitutional nor statutory, but instead traces its remarkable common law origin back to *Perry's Case* (1660) 14 How. St. Tr. 1311. There, although the master's body had not been found, a servant, his mother and brother were convicted and hanged for murder based on the servant's false statements, which he recanted. Two years later the master returned, quite obviously alive, explaining that he had been abducted by pirates and sold into slavery in the Ottoman Empire. Thereafter, courts developed the corpus delicti rule. (See Note, *Proof of the Corpus Delicti Aliunde the Defendant's Confession* (1955) 103 U. Pa. L.Rev. 638, 639 ["This and similar cases led the British courts to question the sufficiency of confessions to prove that a crime had been committed"].)

Here, the People argue the corpus delicti rule should not apply at the preliminary hearing, but we and other courts have unanimously rejected that proposition, and the People offer no reason to revisit the issue. (*People v. Herrera* (2006) 136 Cal.App.4th 1191 (*Herrera*); see *People v. Powers-Monachello* (2010) 189 Cal.App.4th 400, 406-408; *Rayyis v. Superior Court* (2005) 133 Cal.App.4th 138, 144-149.) The People also contend the evidence introduced at the preliminary hearing met the low threshold required to satisfy the corpus delicti rule. As we explain, we agree and therefore reverse the trial court's ruling.

I

FACTUAL AND PROCEDURAL BACKGROUND

2

In February 2012, Santa Ana Police Officer Francisco Gomez responded to a call of shots fired in the area of Bristol and Warner Streets in Santa Ana, near the Royale Health Care Center. Gomez spoke with the security guard stationed at the medical facility. The guard said that at approximately 12:40 a.m., he heard multiple gunshots that sounded like machine-gun bursts. He heard approximately 12 shots fired in rapid succession and then heard another 12 shots fired in rapid succession. Then a man jumped a nearby block wall from a neighboring medical facility and attempted to enter his medical facility, but the doors were locked. The man appeared frightened and out of breath, exclaiming, "Help, help. Am I bleeding or am I shot?" The security guard did not notice any injuries on him, but watched him run away from the facility and out of sight. Gomez found two nine-millimeter Luger shell casings in the street near the medical center

Meanwhile, around 1:00 a.m. that same morning, Santa Ana Police Officer Mauricio Estrada found defendant seated in the driver's seat of a stolen vehicle in the area of Redhill and Warner streets. Back at the police station, Estrada asked defendant about the shooting that occurred earlier that morning in the area of Bristol and Warner. Defendant said he was sitting in the car when he saw a person he recognized as a rival Alley Boys gang member. Defendant said he grabbed a "submachine gun" and shot "a bunch of rounds" at the Alley Boys gang member. Defendant expressed amazement that he did not hit his target, describing himself as a "stone cold killer."

Defendant had stolen the car in which the police found him. The vehicle's owner, K.W., identified defendant as the man who approached his car, pointed a gun at him, and drove off in his vehicle. K.W. described the weapon as a black "Uzi" style gun with an ammunition magazine that was approximately 10-inches long. After the police took defendant into custody, investigators searching the car recovered a black M119 Cobray firearm and an unspecified number of spent nine-millimeter Luger shell casings.

3

K.W. identified the Cobray weapon as similar to the one defendant pointed at him when he stole his car.

The People and defendant stipulated at the preliminary hearing that the Cobray firearm is an assault weapon. The magistrate held defendant to answer on various felony charges including attempted murder (count 5) and assault with a machine gun (count 6). In a pretrial proceeding more than a year later, defendant filed a section 995 motion arguing the People failed to introduce sufficient evidence at the preliminary hearing to meet the requirements of the corpus delicti rule on counts 5 and 6. The trial court granted the motion, and the People now appeal.

## II

## DISCUSSION

As noted at the outset, the People's contention the corpus delicti rule should not apply at the preliminary hearing is without merit. In *Herrera*, we explained that while Proposition 8 abrogated the former procedural rule under which a defendant's extrajudicial judicial statements could not be admitted at trial until the People first independently proved corpus delicti, it did not abrogate the rule's substantive function requiring "'some proof of the corpus delicti *aside from* or *in addition to* such statements,'" and the rule applies at the preliminary hearing stage. (*Herrera*, *supra*, 136 Cal.App.4th at p. 1201, original italics.) In practical effect, while the defendant's statements may be admitted to meet the People's burden at the preliminary hearing to *connect* the defendant to the crime before he may be held to answer, the People remain obligated to make a showing independent of those statements that a crime actually occurred.

The People argue the evidence introduced at the hearing independent of the defendant's statements satisfied the corpus delicti rule. We agree. The corpus delicti rule consists of: (1) the fact of injury, loss or harm, and (2) the existence of a criminal agency as its cause. (*People v. Valencia* (2008) 43 Cal.4th 268, 297.) It has long been the rule

4

that corpus delicti must be established independently of any statements or admissions of the defendant. (*People v. Crew* (2003) 31 Cal.4th 822, 836-837; *People v. Mehaffey* (1948) 32 Cal.2d 535, 544-545.) However, "the modicum of necessary independent evidence . . . is not great. The independent evidence may be circumstantial, and need only be 'a slight or prima facie showing' permitting an inference of injury, loss, or harm from a criminal agency, after which the defendant's statements may be considered to strengthen the case on all issues." (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1181.)

Here, the security guard's statement that he heard two bursts of machine-gun fire in rapid succession, followed by the appearance of a frightened victim who believed he had been shot, and who immediately fled the scene in fear and without aid upon realizing the medical facility was closed, suggests the shooting was criminal in nature. Indeed, these circumstances indicate the shooter may have intended to kill the victim in a murderous assault. The shooter resorted to an unusual and especially deadly weapon, pulled the trigger multiple times to fire more than 20 rounds and did not accompany the victim for help — supporting the inference the shooter harbored an intent to kill. Additionally, the fact that similar bullet casings were found at the scene and in defendant's vehicle, and therefore the bullets may have been fired from a stolen vehicle, points strongly to a violent criminal act. Of course, there also could be an innocent explanation for the incident, but that is not the test. The "'corpus delicti rule is satisfied "by the introduction of evidence which creates a reasonable inference that [the harm] could have been caused by a criminal agency . . . even in the presence of an equally plausible noncriminal explanation of the event." [Citation.]' [Citation.]" (*People v. Ruiz* (1988) 44 Cal.3d 589, 611.)

Nor does it matter that absent defendant's statements, no evidence besides the nine-millimeter casings recovered in his car connected *him* to the shooting. "Proof of the corpus delicti does not require identity of the perpetrators. It is not necessary that it connect the defendant with the commission of the crime . . . . [Citation.]" (*People v.*

5

*Cullen* (1951) 37 Cal.2d 614, 624.)  Rather, the corpus delicti rule only requires evidence that "'*someone* committed a crime.'  [Citation.]  That person need not be the accused; it could be anyone."  (*People v. Rivas* (2013) 214 Cal.App.4th 1410, 1428 (original italics).)

Defendant argues there was no evidence the shooter committed attempted murder with premeditation and deliberation, as alleged in the information.  But the corpus delicti requirement does not include proof of premeditation and deliberation.  (*People v. Cooper* (1960) 53 Cal.2d 755, 765 (*Cooper*) ["'extrajudicial statements of the accused . . . may be used to establish the degree of the crime'"; corpus delicti of first degree murder consists only of "'two elements, namely, the death of the victim and the existence of some criminal agency as its cause'"].)  Defendant distinguishes *Cooper* on grounds it involved first degree murder, not attempted murder, but it is a distinction without a difference.  Proof the assailant deliberately premeditated the attempted murder is no different than the proof required to establish first degree murder; accordingly, there is no basis for a higher threshold of showing the corpus delicti in the former than the latter.

In any event, a finding of premeditation and deliberation operates as a penalty enhancement.  (*People v. Smith* (2005) 37 Cal.4th 733, 740 ["The prosecution may seek a jury finding that an attempted murder was 'willful, deliberate, and premeditated' for purposes of sentence enhancement"].)  But the corpus delicti rule does not require establishing "facts necessary for the enhancement of the penalty for an offense [citation]" (*People v. Miranda* (2008) 161 Cal.App.4th 98, 107-108 (fn. omitted)), and therefore does not apply to the allegation an attempted murder was committed with premeditation and deliberation.

III

DISPOSITION

6

The trial court's order dismissing counts 5 and 6 is reversed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.